**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIARA S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 766 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| MARTIN O'MALLEY, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kiara S. appeals the Commissioner's decision finding Plaintiff not disabled and denying her applications for disability insurance benefits and supplemental security income benefits. For the reasons set forth below, Plaintiff's motion to reverse or remand the Commissioner's decision [11] is granted and Defendant's motion for summary judgment [14] is denied. Civil case terminated.

**Background**

Plaintiff, Kiara Spivey, filed an application for disability insurance benefits and supplemental security income benefits on August 29, 2021, alleging disability beginning on June 9, 2020. (R. 69, 78). Both claims were denied initially on March 7, 2022 (R. 74-75, 86), upon reconsideration on July 5, 2022 (R. 93-94, 104), and following a hearing on November 28, 2022 by Administrative Law Judge (ALJ) Kevin Vodak. (R. 37-68). The ALJ issued an unfavorable decision on January 24, 2023. (R. 16-36). The Appeals Council denied Plaintiff's request for review on December 12, 2023 (R. 1), leaving the ALJ's decision as the final decision of the Commissioner. The Court has jurisdiction pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g).

The ALJ found that Plaintiff had the severe impairments of cervical syrinx, Chiari I malformation, idiopathic complex neurological syndrome, migraine headaches, major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder (PTSD) (20 C.F.R. § 404.1520(c) and § 416.920(c)), (R. 21-22), which did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 22). Furthermore, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a full range of light work, except that she could: never climb ladders, ropes, or scaffolds; never work at unprotected heights or near moving mechanical parts; occasionally be exposed to extreme cold, extreme heat, and vibration; and be exposed to no more than a moderate level of noise as defined in the Selected Characteristics of Occupations (SCO). (R. 25). The ALJ found Plaintiff had moderate limitations

in concentration, persistence or pace and restricted her to understanding, remembering and carrying out simple instructions for simple, routine tasks; frequently interacting with supervisors; occasionally interacting with co-workers; occasionally interacting with the public; and being exposed to no more than occasional changes in a job setting. (*Id*.) Further, the ALJ found Plaintiff could not perform any past relevant work, but could perform the jobs of housekeeper, mailroom clerk, and office helper. (R. 29-30).

**Analysis**

"ALJs are 'subject to only the most minimal of articulation requirements'— an obligation that extends no further than grounding a decision in substantial evidence." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (quoting *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). Plaintiff contends that the ALJ erred on several grounds; the Court addresses only one, however, as this ground requires a remand.

Plaintiff contends that the ALJ reversibly erred in assessing Plaintiff's headaches. While the ALJ found that Plaintiff had an impairment of severe migraine headaches (R. 21), he stated that "[t]he medical evidence of record does not reflect that headaches cause nausea, vomiting, photophobia, or phonophobia. The record also does not show interruptions in the claimant's ability to concentrate, persist, and maintain pace attributable to headaches." (R. 27). But, as Plaintiff notes, in February 2022, the Agency's own consultative examiner, Dr. Kumar, reported that Plaintiff's migraine headaches had associated symptoms including "nausea, blurring of vision, and dizziness, however no vomiting." (R. 1011.)[1] Oddly, in his response brief, the Commissioner amplifies the ALJ's inaccuracy by arguing that "the ALJ found it *significant* that plaintiff's headaches did *not cause nausea, vomiting, light sensitivity, or sound sensitivity*, and he concluded

---

[1] The doctor's summary in the same notes states that "[t]en-point review of systems was obtained and was negative, except for Neurologic positive for headaches associated with dizziness, nausea and blurring of vision." (R. 1011).

that the headaches did not result in diminished ability to concentrate and persist." (Commissioner's Mem., Dkt. # 15, at 4) (emphasis added). The Court is troubled by the ALJ's reliance on a purported lack of symptoms that was, in fact, not record based. In addition to failing to note Dr. Kumar's statement that Plaintiff's migraine headaches had associated symptoms including "nausea, blurring of vision, and dizziness," Plaintiff self-reported on one occasion that "my headache got to be too much, I got so dizzy," and she had to lower herself to the ground and hold onto a wall. (R. 778.) The Commissioner argues that Plaintiff's "bare statements" of nausea, dizziness, and difficulty standing accompanying headaches are not documentation, and Plaintiff "misrepresents what the evidence actually says." (Commissioner's Mem., Dkt. # 15, at 5.) But, as noted, Dr. Kumar's assessment indicated that Plaintiff had blurred vision, which was also identified by her neurologist, Dr. Hentati, who noted in an October 2022 examination that Plaintiff's headache included "[b]lurry vision, [and] when severe, [she was] light sensitive." (R. 1158.) Dr. Hentati's assessment states Plaintiff experienced "[d]aily headache with characteristics consistent with migraines intractable did not respond to Topamax and worsen with SSRI." (R. 1160.) The Commissioner asserts that the ALJ "confronted" the intractable-migraine assessment, but this is not entirely accurate, as the ALJ simply noted the assessment in his opinion without identifying any consequences of this assessment.

In addition, with respect to Plaintiff's RFC, the ALJ stated that "while the claimant's headaches may inhibit activity, the evidence does not suggest that headaches are worsened by routine physical activity." (R. 27.) Portions of the administrative record indicate otherwise. (R. 61) (Plaintiff testified that reading makes her dizzy and lightheaded and gives her a headache); (R. 269) (in Function Report filled out as part of Plaintiff's application for benefits, in response to prompt to "Describe any changes in these activities since the illnesses, injuries, or conditions began," Plaintiff states that she is not able to fully watch movies without headaches); (R. 480, 798) (physical therapy notes from 7/8/21 indicate that that "[u]pon standing, pt reporting 'head throbbing' and increase from 3/10 to 8/10" and that stair climbing was "[d]eferred due to limited tolerance for out of bed activities and gait distance due to symptoms of 'head throbbing' and lightheadedness"); (R. 800) (case management note from 7/8/21 states that Plaintiff was unsure of home health visits because "even if she gets HH Services she will not be able to get to the door and open it because she has a difficult time getting up where she gets pounding headache"). Notably, the Commissioner does not respond to Plaintiff's argument in this regard. *See April P. v. O'Malley*, No. 4:23-CV-00192-SEB-KMB, 2024 WL 4008738, at *6 (S.D. Ind. Aug. 1, 2024) ("By failing to respond, the Commissioner waives any arguments he might have made on this issue."). Without explanation or citation to the record, the ALJ simply states that the "reduced residual functional capacity assessed herein would accommodate the functional impact established in the record from the claimant's headaches." (R. 27.) The required logical bridge has not been established. *See Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (While an ALJ "need not specifically address every piece of evidence, [he] must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted).

While the Commissioner points to portions of the record relied upon by the ALJ that could support a finding that Plaintiff's headaches did not cause nausea and dizziness or that Plaintiff did not medicate properly, the ALJ's express misstatements regarding the effects of Plaintiff's headaches requires reversal. "When the ALJ's decision is grounded in a mistake of fact such as

this one, the court must remand." *Kilyam M. v. O'Malley*, 22-CV-3982, 2024 WL 342570, at *3 (N.D. Ill. Jan. 30, 2024) (citing *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996); *Barbara B. v. Kijakazi*, No. 20 CV 547, 2021 WL 5937766, at *4 (N.D. Ill. Dec. 16, 2021) (remanding where ALJ mischaracterized important evidence in treating source opinion); *Tasha C. v. Saul,* No. 18-CV-4677, 2019 WL 6877190, at *6-7 (N.D. Ill. Dec. 17, 2019) (remanding because "the ALJ mischaracterized the record" as to the opinions of two treaters); *Nazifi v. Colvin*, No. 13 C 5728, 2015 WL 859600, at *4 (N.D. Ill. Feb. 26, 2015) (ALJ mischaracterized physician's assessments as finding plaintiff capable of performing sedentary and light work, even though physician was not offering such an opinion)).

For the reasons stated above, the Commissioner's decision is reversed and remanded. Civil case terminated.

**Date**: November 5, 2024

**M. David Weisman**
**United States Magistrate Judge**

4